Edgar Carranza, Esq.
Nevada State Bar No. 5902
Jacquelyn Franco, Esq.
Nevada State Bar No. 13484
**BACKUS, CARRANZA & BURDEN**
3050 S. Durango Drive
Las Vegas, NV 89117
(702) 872-5555
(702) 872-5545 facsimile
ecarranza@backuslaw.com
jacquelynfranco@backuslaw.com

Attorney for Defendant
COSTCO WHOLESALE CORPORATION

**UNITED STATE DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ESTATE OF KAREN LEE SHUTT; KAREN LEE SHUTT, decedent; GERALD SHUTT, surviving spouse; KEVIN SHUTT, heir; STEVEN SHUTT, heir; MICHELLE VANCE, heir; MONICA MARSHALL, heir.<br><br>Plaintiffs,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION, a Domestic Corporation; ROE CORPORATIONS I through X, inclusive; DOES 1 through 10; inclusive,<br><br>Defendants. | Case No. **2:20-cv-00567-KJD-EJY** |

**STIPULATION AND ORDER TO EXTEND DISCOVERY
PLAN AND SCHEDULING ORDER
(Third Request)**

Plaintiffs, ESTATE OF KAREN LEE SHUTT, KAREN LEE SHUTT, GERALD SHUTT,

KEVIN SHUTT, STEVEN SHUTT, MICHELLE VANCE and MONICA MARSHALL, by and

through counsel, Daniel M. Dastrup, Esq. of the Boyack Law Group, and Defendant, COSTCO

WHOLESALE CORPORATION, by and through counsel, Edgar Carranza, Esq. of the law firm

BACKUS, CARRANZA & BURDEN, hereby submit the instant stipulation and order to extend the

**BACKUS, CARRANZA & BURDEN**
3050 SOUTH DURANGO
LAS VEGAS, NEVADA 89117
TELE: (702) 872-5555  FAX: (702) 872-5545

1  Discovery Plan and Scheduling Order pursuant to Local Rule II 26-4 as follows:

2  **I.     GOOD CAUSE SUPPORTING THE EXTENSION.**

3  This lawsuit is a wrongful death matter stemming from allegations that decedent, KAREN

4  LEE SHUTT fell due to an unspecified dangerous condition she encountered while walking in the

5  food court area on January 30, 2018.  Ultimately, according to Plaintiffs, Ms. Shutt passed away as

6  a result of the injuries related to the fall.

7  Plaintiffs filed their lawsuit on January 28, 2020, in the Eight Judicial District Court, Clark

8  County, Nevada. On March 20, 2020, Defendant, COSTCO WHOLESALE CORPORATION

9  (hereinafter referred to as "Costco") filed its Answer denying Plaintiff's allegations and all

10  liability.  On March 23, 2020, Costco filed its Notice of Removal with this Court.

11  Since the removal, the parties participated in the Fed. R. Civ. P. 26(f) conference on July

12  27, 2020, and the stipulated Discovery Plan and Scheduling Order was entered by this Court on

13  July 31, 2020.

14  Next, the parties embarked on discovery by exchanging their respective Fed. R. Civ. P. 26

15  disclosures.  Both Plaintiffs and Costco have also each served a set of written discovery requests

16  which have been responded to.  Costco has followed up the written requests by setting the

17  custodian of records for the treating physicians and health care providers for the deceased in an

18  effort to secure copies of the pertinent medical records.

19  Costco has also begun noticing the depositions of the Plaintiffs.  The depositions have been

20  delayed to allow the parties to secure and digest additional records.

21  Initially, this case began under the cloud and accompanying limitations brought on by the

22  COVID 19 pandemic, which led to some delays, as have counsel's respective schedules during

23  this time of uncertainty.  Nonetheless, good faith efforts have been made and continue to be made

24  by both parties to diligently move this case forward.

25  Moreover, this is a significant personal injury/wrongful death matter that will require

BACKUS, CARRANZA & BURDEN
3050 SOUTH DURANGO
LAS VEGAS, NEVADA 89117
TELE: (702) 872-5555   FAX: (702) 872-5545

significant effort by both parties.  This matter involves the death of decent allegedly as the result of the injuries suffered in her fall and Plaintiffs have alleged significant past medical expenses, unknown past wage loss claim and unknown related claims, to name some of the damage components identified thus far.  Significant effort will be required to address each of the damage components, and the liability portion of this case.

As the parties are only a few months into the discovery efforts, good cause exists to extend the current Discovery Plan and Scheduling Order to allow the parties to continue to move this case forward.

## II.    DISCOVERY COMPLETED TO DATE.

In accordance with LR II 26-4(a), the Parties provide the following statement of discovery completed to date:

A.    Plaintiff's Discovery.

1.    Plaintiffs' FRCP 26 initial disclosures served on 08-11-20.

2.    Plaintiff's First Set of Interrogatories to Costco served on 02-19-21

3.    Plaintiff's First Set of Requests for Production to Costco served on 02-19-21.

4.    Plaintiffs' Answers to First Set of Interrogatories served on 03-08-21.

5.    Plaintiff's Responses to First Set of Requests for Production served on 03-08-21.

B.    Defendant's Discovery.

1.    Costco's FRCP 26 initial disclosures served on 11-24-20.

2.    Costco's First Set of Interrogatories to Plaintiff served on 01-22-21.

3.    Costco's First Set of Requests for Production to Plaintiff served on 01-22-21.

4.    Custodian of Records Deposition for Summerlin Hospital set on 03-23-21.

BACKUS, CARRANZA & BURDEN
3050 SOUTH DURANGO
LAS VEGAS, NEVADA 89117
TELE: (702) 872-5555  FAX: (702) 872-5545

5.  Custodian of Records Deposition for Spring Valley Hospital set on 03-23-21.

6   Custodian of Records Deposition for AMR of Nevada set on 03-23-21.

7.  Custodian of Records Deposition for Medic West Ambulance set on 03-23-21.

8.  Custodian of Records Deposition for Quality Medical Imaging set on 03-23-21.

9.  Custodian of Records Deposition for Anesthesia and Intensive Care set on 03-23-21.

10. Custodian of Records Deposition for Royal Springs Healthcare and Rehab set on 03-23-21.

11. Custodian of Records Deposition for Mountain View Hospital set on 03-23-21.

12. Custodian of Records Deposition for Southwest Medical Associates set on 03-23-21.

13. Costco's Answers to First Set of Interrogatories served on 04-12-21.

14. Costco's Responses to First Set of Requests for Production served on 04-12-21.

15. Custodian of Records Deposition for Las Vegas Metropolitan Police Department set on 04-21-21.

16. Costco's First Supplement to FRCP 26 disclosures served on 04-27-21.

17. Plaintiff's deposition set for 08-05-21.

. . . .

. . . .

. . . .

4

III.    **DISCOVERY REMAINING TO BE COMPLETED**.

In accordance with LR II 26-4(b), the Parties provide the following statement of discovery remaining to be completed:

A.    Plaintiff's remaining discovery.

1.    Depositions of Costco's Rule 30(b)(6) witness(es) must be taken.

2.    Plaintiffs must designate initial experts and produce the required report and materials.

3.    Plaintiffs must designate rebuttal experts and produce the required report and materials.

4.    Deposition(s) of Costco's expert must be taken.

B.    Defendant's remaining discovery:

1.    Deposition of Plaintiff, executor of Estate of Karen Shutt must be taken.

2.    Deposition of Plaintiff, Gerald Shutt must be taken

3.    Deposition of Plaintiff, Kevin Shutt must be taken

4.    Deposition of Plaintiff, Steven Shutt must be taken

5.    Deposition of Plaintiff, Michelle Vance must be taken

6.    Deposition of Plaintiff, Monica Marshall must be taken

7.    Depositions of percipient witnesses must be taken.

8.    Depositions of Plaintiff's treating providers must be taken.

9.    Costco must designate initial experts and produce the required report and materials.

10.    Costco must designate rebuttal experts and produce the required report and materials.

11.    Deposition(s) of Plaintiff's expert must be taken.

. . . .

BACKUS, CARRANZA & BURDEN
3050 SOUTH DURANGO
LAS VEGAS, NEVADA 89117
TELE: (702) 872-5555   FAX: (702) 872-5545

## IV.    WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED.

Initially, the limitations related to the COVID 19 pandemic led to some delays and conflicts with counsel's availability/schedule contributed to the delay. Nonetheless, good faith efforts were made by both parties to meet the obligations required of both of them.

Further, the parties have devoted some time to negotiating and ultimately agreeing to the Stipulated Confidentiality Agreement and Protective Order. By working on and agreeing to the same, the parties hope to facilitate the exchange of confidential and/or proprietary material during discovery which could avoid delays as this case moves forward.

The need to secure medical records from the medical providers has proven cumbersome with many providers delaying production until specific protocols have been followed by Costco to secure the same. This resulted in extended back and forth with the providers and Plaintiffs' counsel to secure appropriate legal paperwork authorizing release of the decedent's records to Costco. Unfortunately, this resulted in a delay in securing the necessary records.

The delay in securing the records impacted Costco's ability to begin taking the depositions of Plaintiffs. As a result, the depositions which had previously been noticed had to be vacated to allow the parties to receive the necessary medical records.

The parties continue to diligently work together to move this case forward.

## V.    PROPOSED SCHEDULE FOR COMPLETING DISCOVERY.

This request for an extension of time is not sought for any improper purpose or other purpose of delay. The parties respectfully submit that this constitutes good cause for the extension. The following is a list of the current discovery deadlines and the parties' proposed extended deadlines.

| Scheduled Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Discovery Cut Off | July 26, 2021 | **November 23, 2021** |
| Amend Pleadings/Add Parties | April 26, 2021 | **Closed** |

| Interim Status Report | May 26, 2021 | **September 23, 2021** |
|---|---|---|
| Initial Expert Disclosures | May 26, 2021 | **September 23, 2021** |
| Rebuttal Expert Disclosures | June 26, 2021 | **October 24, 2021** |
| Dispositive Motions | August 25, 2021 | **December 23, 2021** |
| Joint Pre-Trial Order | September 22, 2021 | **January 20, 2022** |

This is the third request for extension of time in this matter. The parties submit that the reasons set forth above constitute good cause for the requested extension.

DATED this 2nd day of July, 2021.        DATED this 2nd day of July 2021.

**BACKUS, CARRANZA & BURDEN**        **Boyack Law Group**

By: _/s/ Edgar Carranza_____        By: _/s/ Daniel M. Dastrup_____
    Edgar Carranza, Esq.                          Daniel M. Dastrup, Esq.
    Nevada Bar No. 5902                           Nevada Bar No. 13677
    3050 South Durango Drive                      1707 Village Center Circle #100
    Las Vegas, Nevada 89117                       Las Vegas, Nevada 89134
    Attorney for Defendant                        Attorneys for Plaintiffs
    COSTCO WHOLESALE                              ESTATE OF KAREN LEE SHUTT,
    CORPORATION                                   KAREN LEE SHUTT, GERALD
                                                  SHUTT, KEVIN SHUTT, STEVEN
                                                  SHUTT, MICHELLE VANCE and
                                                  MONICA MARSHALL

**IT IS SO ORDERED**.

DATED this 2nd day of July, 2021.

_____
UNITED STATES MAGISTRATE JUDGE